```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOSE ACOSTA,

                      Plaintiff,

vs.                                   Case No. 2:10-cv-8-FtM-29DNF

GEORGE SHELDON, SECRETARY DCF; GEO GROUP, INC.; TIMOTHY BUDZ; DR. EMANOILIDIS,

                      Defendants.
_____

## **ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon initial review of the file. *Pro se* Plaintiff, who is currently civilly detained at the Florida Civil Commitment Center (hereinafter "FCCC") initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) on January 6, 2010. Plaintiff did not accompany the filing of his action with either the requisite $350.00 filing fee, or a motion to proceed *in forma pauperis*. Because the Court finds this action subject to dismissal, the Court will not direct Plaintiff to file the motion to proceed *in forma pauperis*.

**II.**

Plaintiff files the instant Complaint alleging that the Department of Children and Families (hereinafter "DCF") took him into "unlawful custody" in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution. See Complaint at 2. The named defendants include the Secretary of DCF,

the director of the FCCC, and a doctor at the FCCC.[1]  Complaint at 1, 2.

Plaintiff claims that while serving his prison sentence, an agency notified him that he would be deported to Cuba upon completion of his criminal sentence.  Instead of being deported, Plaintiff was transferred to the FCCC and is now civilly confined there.  Id.  Plaintiff argues that the "deportation detainers supercede civil commitment detainers."  Id.  Plaintiff avers that defendants should have known or knew that it was unreasonable to "seize [him] instead of allowing [him] to be deported."  Id. at 2-3.  As relief Plaintiff seeks, *inter alia*, an order directing defendants to allow the deportation proceedings to begin.  Id. at 3.

## III.

Despite Plaintiff's non-prisoner status,[2] the Court is required to review the Complaint to determine whether the Complaint

---

[1] Doctor Emanoilidis' name appears on the heading of the case, but is not under the section entitled "Parties."  See Complaint at 1, 2.  Thus, it is unclear whether Plaintiff intended on naming the doctor as a defendant.

[2] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B).  Id. at 1260.  Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

is frivolous, malicious or fails to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings.  The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

**IV.**

The Court finds this action subject to dismissal for failure to state a § 1983 claim.  Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and

laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).

Here, the Complaint satisfies neither element of a § 1983 action. Plaintiff is being held at the FCCC pursuant to the Jimmy Ryce Act. Fla. Stat. § 394.910-§ 394.931. The State of Florida enacted the Jimmy Ryce Act, by which a person who is determined to be a sexually violent predator[3] is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." <u>Westerheide v. State</u>, 831 So.2d 93, 112 (Fla. 2002); <u>see</u> <u>also</u> <u>Kansas v. Hendricks</u>, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent

---

[3]A "sexually violent predator" is defined by the Act as any person who:

> (a) has been convicted of a sexually violent offense; and
> (b) suffers from a mental abnormality or personality disorder that makes the person more likely to engage in acts of sexual violence if not confined in a secure facility for log-term control, care, and treatment.

Fla. Stat. § 394.912(10) (2002).

Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).[4] Plaintiff acknowledges on his Complaint that he was civilly committed after having his Jimmy Ryce Trial. Complaint at 1. Thus, the Court disagrees that Plaintiff is being illegally held at the FCCC in violation of his Fourth or Fourteenth Amendment rights.

Plaintiff's claim stemming from the purported notification he received that he would be deported to Cuba upon his release from prison also fails to state a claim. "The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(quoting U.S. v. Shahryar, 719 F.2d 1522, 1524 (11th Cir. 1983)). Lodging a detainer does not mean that INS commenced proceedings to determine deportability. Id. at 541. Moreover, to the extent Plaintiff requests that this Court issue an Order to the named-Defendants, such as DCF, directing them to allow the deportation proceedings to commence, Plaintiff seeks mandamus relief and the federal courts do not have the power to compel performance by a state official. Russel v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, DeKalb County Super. Ct., 474 F.2d

---

[4] "Florida's Ryce Act is similar to the Kansas Sexually Violent Predator Act in many respects. See Kan. Stat. Ann. § 59-29a01-a20 (Supp. 2001)." Westerheide, 831 So. 2d at 99 n.6.

1275 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct. of Texas, 440 F.2d 383 (5th Cir. 1971).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint (Doc. #1) is **DISMISSED** without prejudice.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___11th___ day of January, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record